(No. 1175—Claimant awarded $4,350.00.)

BLANCHE COONS, ADMINISTRATRIX OF THE ESTATE OF CHARLES J. COONS, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1927.*

WORKMEN'S COMPENSATION ACT—*when award fixed under provisions of.* Where an employee of the State engaged in a hazardous employment, and is injured while in the discharge of his duty, an award will be made, and the Workmen's Compensation Act will be used as a basis in fixing the amount of the award to him.

POLICY OF STATE—*when award made under.* The court will consider and treat the employees of the State in the same manner as if they' were employees of private individuals.

OSCAR J. PUTTING, for claimant.

OSCAR E. CARLSTROM, Attorney General; MERRILL F. WEHMHOFF, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

The claimant, as administratrix of the estate of Charles J. Coons, deceased, comes and represents that said deceased was regularly employed as foreman in charge of sewer work at

Elgin State Hospital; that on the 22nd day of March, 1927, while employed laying sewer pipe in a ditch and while cementing the joint of the pipe so laid the sides of the ditch caved in, suffocating and seriously injuring deceased, that as a result of such injuries said deceased died; that deceased was 37 years of age and in good health prior to his injuries; that deceased left surviving him his wife and five minor children, the oldest of said children being 15 years and the youngest 6 years at the time of his death. The claimant asks for damages of $6,000.00. However, the only rule the court can follow in a case of this kind is the Workmen's Compensation Act, as it has been the rule of this court to endeavor to treat the employees of the State of Illinois who are injured in the employment of the State of Illinois in the same manner as if they were employed by private individuals.

The Attorney General comes and admits the facts as stated and the law as hereinbefore construed.

Under the terms of the Workmen's Compensation Act, as a measure for damages in this case, the claimant would be entitled to $4,350.00. Therefore this court recommends that payment be allowed in the sum of $4,350.00.